```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

CHEVY CHASE BANK, F.S.B.,         )
                                  )
                    Plaintiff,    )
                                  )
     v.                           )    No.  07 C 5205
                                  )
MICHAEL G. McLAUGHLIN, et al.,    )
                                  )
                    Defendants.   )
```

## MEMORANDUM ORDER

This action has just been removed--at least purportedly--by Michael and Sarah McLaughlin ("McLaughlins") from the Circuit Court of Lake County (which is Illinois' Nineteenth Judicial Circuit) to this District Court. This memorandum order is issued sua sponte to address some obviously problematic aspects of the Notice of Removal ("Notice").

To begin with, the Notice is defective (even on the assumption that Notice ¶4 correctly identifies the date on which the 28 U.S.C. §1446(b)[1] 30-day time clock began to tick) because fewer than all of the defendants have joined in the removal--see, e.g., the cases on that subject cited in this Court's article, <u>Traps for the Unwary in Removal and Remand</u> ("<u>Traps</u>"), 33 Litig. 43, 44 (2007). Because that flaw in McLaughlins' compliance with the requirements of Section 1446(a) is not jurisdictional, so as to bring the nonappealability provision of Section 1447(d) into

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

play, this Court will not now remand the case to the state court of origin sua sponte. Instead it will await a motion to that effect by plaintiff Chevy Chase Bank, F.S.B. ("Chevy Chase").

Even apart from that obvious defect, what has happened in this case is troublesome in substantive terms. Chevy Chase is a recent entrant into the litigation, having acquired the mortgage in suit by assignment from original plaintiff US Bank, N.A. only after suit was brought. Nothing in the original Complaint even hinted at the possible existence of a federal question, a subject that came to the surface only when McLaughlins filed their Answer, Counterclaim and Third Party Complaint on August 8 of this year. That responsive pleading raised for the first time some claimed violations of the federal Truth in Lending Act by Chevy Chase as the original mortgage lender.

But those <u>defensive</u> assertions would not of course support removal to this District Court--see <u>Traps</u>, 33 Litig. at 45. And that being the case, it seems highly doubtful that McLaughlins are entitled to bootstrap themselves into the possible removability of this action on the predicate that Chevy Chase's August 21, 2007 Amended Complaint has included as its Count II a prayer for declaratory relief that does nothing more than advance the flipside of McLaughlins' defensive allegations.

Unlike the issue first mentioned in this memorandum order, that issue does appear to be jurisdictional in nature.

Accordingly this Court orders McLaughlins to file a submission addressing that subject on or before September 24, 2007 so that this Court can properly discharge its obligation, applicable to every lawsuit filed in this District Court (whether as an original matter or via removal), to consider and speak to its subject matter jurisdiction or the lack of it.

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date:  September 17, 2007