IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHEVY CHASE BANK, F.S.B.,                )
                                          )
                 Plaintiff,               )
                                          )
        v.                                )    No.  07 C 5205
                                          )
MICHAEL G. McLAUGHLIN, et al.,            )
                                          )
                 Defendants.              )

## MEMORANDUM ORDER

This Court's brief September 17, 2007 memorandum order ("Order") spoke to what it characterized as "some obviously problematic aspects of the Notice of Removal ('Notice')" that had been filed by Michael and Sarah McLaughlin ("McLaughlins") to bring this action to this District Court from the Circuit Court of Lake County.  McLaughlins' counsel have since tendered a highly responsible submission, reflecting consideration of the Order and the applicable law and consenting to a remand of the case to its place of origin.  This Court expresses its appreciation for counsel's prompt and thoughtful action and orders such remand, with the remand order to be transmitted forthwith so that all parties may proceed substantively with the litigation.

But this Court would be remiss if it failed to speak to an equally problematic (to say the least) Motion To Remand that has been filed by counsel for Chevy Chase Bank, F.S.B. ("Chevy Chase") and noticed up for presentment on September 26.  That motion seeks remand, not on the basis identified in the Order and

found persuasive by McLaughlins' counsel, but on the flawed premise that the action was removable from the very beginning on diversity of citizenship grounds, so that McLaughlins were delinquent in failing to seek removal within the 30-day period specified in 28 U.S.C. §1446(b).[1] That contention reflects a total unawareness of the provision of Section 1441(b) that renders removal by an in-state defendant (McLaughlins are Illinois citizens) of an action where federal jurisdiction is sought to be invoked on diversity of citizenship grounds:

> Any other such action [that is, any non-federal-question action] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[2]

So Chevy Chase's Motion To Remand was plainly mistaken. And in that sense, this memorandum order granting remand rescues Chevy Chase from the toils of this District Court despite, rather than because of, its counsel.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 24, 2007

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] [Footnote by this Court] Ironically, Chevy Chase's Motion ¶6 actually cites Section 1441(b), though it quotes Section 1446(b) instead. In addition to mistakenly referring to that provision as part "of the Federal Rules of Civil Procedure," Chevy Chase's counsel has obviously never read that provision.

2